**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | EDWARD J. DOUGHERTY | : | |
| | SARAH T. DOUGHTERTY | : | Chapter 13 |
| | | : | |
| | Debtor(s) | : | Bky. No. 09-13922ELF |

# O R D E R

**AND NOW,** upon consideration of the Debtors' Motion to Compel Turnover, and the Debtors' Certification of No Response, it is hereby **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE.**[1]

Date:   June 18, 2009

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[1] There are several procedural problems with the Motion that preclude the grant of the relief requested:

1. The Docket does not reflect that the Notice of Motion was served on the Respondent. Compare  Docket Entry No. 4 (service letter dated May 28, 2009 on Respondent stating that "the hearing on the Motion will be scheduled . . . and we will notify you") with Docket Entry No. 7 (Notice of Motion dated June 1, 2009 without any Certification of Service).  This renders defective the Certification of No Response.

2. The Docket does not reflect service on the Respondent in conformity with Fed. R. Bankr. P. 7004.

3. The relief requested by motion requires the filing of an adversary proceeding.  See Fed. R. Bankr. P. 7001(1); In re Eastern & Juniper Co-op Ass'n, Inc., 2008 WL 5381448 (Bankr. D.D.C. Dec. 18, 2008); In re Quarles, 2002 WL 32114485 (Bankr. E.D. Ark. Oct. 22, 2002); see generally In re Mansarary-Ruffin, 530 F.3d 230 (3d Cir. 2008) (provision of confirmation order that required initiation of adversary proceeding was unenforceable because it was entered in violation of creditor's right to procedural due process).

4. The Debtors fail to set forth with sufficient particularity the assets subject to the requested turnover order.